UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Criminal Action No. 12-CR-20656
HON. MARK A. GOLDSMITH

ERIK E. THOMPSON,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DETERMINE DEFENDANT'S STATUS AS CAREER OFFENDER (DKT. 18)

### I. INTRODUCTION AND BACKGROUND

Defendant Erik E. Thompson is charged with distribution of cocaine base and possession with intent to distribute cocaine base under 21 U.S.C. § 841(a)(1). First Superseding Indictment (Dkt. 22). On October 10, 2012, Magistrate Judge Michael Hluchaniuk arraigned Defendant on the indictment. Defendant pleaded not guilty. Gov't Resp. at 2 of 5 (CM/ECF pagination) (Dkt. 19). Defendant has previously been convicted of (i) home invasion in the third degree, in Isabella County 21st Circuit Court, and (ii) assault with intent to do great bodily harm less than murder, in Genesee County 7th Circuit Court. Id.

On October 19, 2012, Defendant filed the instant motion to determine Defendant's status as a career offender. (Dkt. 18.) The motion is fully briefed, and the Court issued a notice of determination of the motion without oral argument (Dkt. 23). After thoroughly reviewing the briefs, the Court concludes that the issue presented by Defendant is not ripe for adjudication. Defendant's motion asks the Court to determine whether, in the hypothetical circumstance that Defendant is convicted, he would be considered a career offender for sentencing purposes.

1

However, federal courts are limited to deciding actual cases and controversies. Because Defendant has not been convicted and has not pled guilty, it would be outside the scope of the federal judicial power for the Court to render an advisory opinion on the applicability of the career offender provision of the United States Sentencing Guidelines. Therefore, Defendant's motion is denied.

## II.   ANALYSIS

### A.  Parties' arguments

Defendant seeks to determine whether, if Defendant is convicted on the instant charges, he would qualify as a career offender under the United States Sentencing Guidelines. Def. Mot. at 3 of 6 (CM/ECF pagination) (Dkt. 18). Defendant argues that his conviction of home invasion in the third degree cannot qualify as a predicate crime of violence, because a violation of the criminal statute prohibiting home invasion could be conducted in either a violent or a non-violent way. Id. at 4-5 of 6 (CM/ECF pagination).

The government argues in response that the Court may not rule on the issue presented by Defendant, because to do so would be to issue an advisory opinion. Gov't Resp. at 3 of 5 (CM/ECF pagination) (Dkt. 19). The government argues that "Defendant is requesting a pre-conviction determination of whether a prior conviction will support the 'career offender' enhancement under the guidelines," and that this issue is not ripe for adjudication because Defendant is presumed innocent and has not been convicted of the instant charges. Id. at 3-4.

Defendant replies that the government failed to respond to Defendant's motion, and that Defendant's motion does not seek an advisory opinion. Def. Rep. at 1 of 3 (Dkt. 21). Defendant contends that "Defendant's [sic] frequently file motions to exclude evidence to determine whether or not a guilty plea would be in their best interest, or whether they should go to trial."

Id. Defendant argues that an opinion would not be advisory, but would "become the law of the case for sentencing and appeal purposes." Id. at 1-2. Defendant further contends that he "cannot make a knowing, free and voluntary waiver of his rights to enter a plea if he does not know the likely ball park sentencing range." Id. at 2.

### B. Discussion

Article III, section 2, of the United States Constitution grants federal courts jurisdiction to decide "cases" and "controversies." The Sixth Circuit has stated that "Article III of the Constitution limits the jurisdiction of federal courts to consideration of actual cases and controversies, and federal courts are not permitted to render advisory opinions." Arnett v. Myers, 281 F.3d 552, 562 (6th Cir. 2002). Therefore, "a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Cooley v. Granholm, 291 F.3d 880, 883-884 (6th Cir. 2002) (citation and quotation marks omitted). The issue before the Court is whether Defendant's motion is ripe for adjudication.

Defendant's motion seeks a determination whether Defendant would be considered a career offender, under the following provision of the 2012 United State Sentencing Guidelines:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
>
> (b) Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

U.S. Sentencing Guidelines Manual §4B1.1 (2012). Federal Rule of Criminal Procedure 11(b)(1) provides that "[b]efore the court accepts a plea of guilty or nolo contendere . . . . the court must inform the defendant of, and determine that the defendant understands, the following:

. . . . (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release; (I) any mandatory minimum penalty . . . ." Fed. R. Crim. P. 11(b)(1).

A court in this district has previously considered whether it had jurisdiction to determine the applicability of a sentencing statute to a defendant, when the defendant had not been convicted and had not pled guilty. United States v. Easley, No. 10-20642, 2011 WL 1743905 (E.D. Mich. May 6, 2011). In Easley, the defendant sought a determination of the applicability of the Fair Sentencing Act. The court held that:

> [T]he Court cannot grant the defendant's motion and declare that the FSA's penalties will govern his sentence. Easley has not been convicted. He has not even expressed an intention to enter a guilty plea. Even if the Court were to decide that the FSA would apply to a sentence in his case, Easley might not plead guilty, and then go to trial and receive an acquittal. Or, although charged with possession of 12 grams of cocaine base, Easley may be convicted of possession with intent to distribute a lesser amount of cocaine base that would not subject him to a statutory minimum sentence even under pre-FSA law. Under these circumstances, the Court's decision on whether the FSA applies in this case is advisory because the question is not yet ripe.

Easley, 2011 WL 1743905, at *5 (citations omitted). The court further held that the defendant, who had been indicted but not convicted, did not have a right to "be informed with certainty of the potential penalties for the charged offenses up to this point in the case . . . . [t]here is no requirement that the indictment recite the penalties for the charged offenses." Id. at *7. The court concluded: "Should Easley decide to plead guilty, the Court will inform him of the mandatory minimum and maximum sentence that he faces if found guilty. He is free to change his mind once presented with that information." Id. Defendant does not cite any authority to counter the reasoning in Easley.

The Court agrees with the analysis in Easley, and concludes that the issue framed in Defendant's motion is not ripe for adjudication. A determination of the applicability of the U.S. Sentencing Guidelines career offender provision, at this stage of the proceedings, would rest on

"contingent future events that may not occur at all." See Cooley, 291 F.3d at 883-884. Defendant may not be convicted on the instant charges, and the Court may not proceed with its analysis on the assumption that he will be convicted; at this stage, Defendant is presumed innocent. Therefore, as the government contends, a ruling on Defendant's motion would be an advisory opinion.

Defendant's argument that he needs to know the general sentencing range in order to decide whether he will plead guilty is not persuasive. At this stage, Defendant does not have a right to be informed of the maximum or minimum potential sentence for the charges against him. See Easley, 2011 WL 1743905, at *7. Therefore, he certainly does not have a right to know how the sentencing guidelines would be scored.[1]

Finally, Defendant's argument that "Defendant's [sic] frequently file motions to exclude evidence to determine whether or not a guilty plea would be in their best interest" is not convincing. The purpose of a motion to suppress evidence is not solely to inform the defendant of whether a guilty plea would be in his best interest; a motion to suppress raises a genuine, non-hypothetical controversy over whether a search or seizure resulting in discovery of evidence was unconstitutional. See Simmons v. United States, 390 U.S. 377, 389 (1968) (citation omitted). However, the issue in the instant motion, as framed by Defendant, is grounded in a hypothetical scenario – that of Defendant's conviction – which may or may not occur, and the only discernible purpose of the motion is to inform Defendant's strategy regarding whether to enter a guilty plea. However, to render an opinion of that nature is outside the scope of the federal judicial power.

---

[1] If Defendant does enter a guilty plea, the Court must – and will – ensure that Defendant understands any maximum possible penalty and any mandatory minimum penalty before the Court accepts the plea. Fed. R. Crim. P. 11(b)(1)(H)-(I). But there is no requirement that the Court inform the Defendant at the time a guilty plea is entered how the guidelines will be calculated.

## III. CONCLUSION

For the reasons stated above, Defendant's motion to determine Defendant's status as a career offender is denied.

SO ORDERED.

Dated: December 13, 2012
Flint, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 13, 2012.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager